UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANGELA RIVERA, | Index No. 07-cv-1404 (LMS) |
| Plaintiff, | **AMENDED COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| MONTICELLO RACEWAY MANAGEMENT and MONTICELLO RACEWAY MANAGEMENT, INC., Defendants. | (ECF case) |

---

Plaintiff, Angela Rivera, by her attorneys, Foulke Law Offices, as and for her Complaint against Monticello Raceway Management and Monticello Raceway Management, Inc. ("Monticello"), alleges as follows:

### Jury Demand

1. Plaintiff, Angela Rivera, demands a trial by jury of all issues in this action.

### Nature of Action

2. This is an action to recover damages against defendant Monticello for unlawful discrimination, discriminatory discharge, and retaliation in violation of the American's With Disabilities Act (41 U.S.C. § 12111 et. seq.) and the New York State Human Rights Law (N.Y. Exec. L. § 296 et. seq.).

### The Parties

3. At all times mentioned herein, plaintiff Angela Rivera was a resident of the Village of Livingston Manor, County of Sullivan, and State of New York.

4. On information and belief, defendant Monticello is, and at all times hereinafter mentioned was, a domestic corporation duly organized and existed pursuant to the laws of the state of New York.

5. On information and belief, defendant Monticello is licensed to do business in the State of New York.

6. On information and belief, defendant Monticello has primary offices for business located at 204 State Route 17B, Monticello, New York.

7. On information and belief, defendant Monticello maintains offices for business located at 204 State Route 17B, Monticello, New York.

8. At all times mentioned herein, plaintiff Angela Rivera was employed by Monticello at its facilities for business located at 204 State Route 17B, Monticello, New York.

9. On information and belief, defendant Monticello operates and employs all personnel who operate and run the Monticello Raceway located at 204 State Route 17B in the city of Monticello, county of Sullivan and state of New York.

10. On or about August 25, 2006, within 180 days of the claims herein accruing and within 180 days of the last act in a pervasive course of actions in violation of the Americans With Disabilities Act, plaintiff Angela Rivera filed via Certified Mail, Return Receipt Requested, a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging discrimination and unlawful retaliation under the Americans With Disabilities Act.

11. On or about December 11, 2006, plaintiff, by her attorneys, Foulke Law Offices, received a Notice of Right to Sue. The Notice of Right to Sue is dated December 7, 2006.

12. Plaintiff Angela Rivera has duly commenced this action within 90 days of mailing and within 90 days of receipt of the Notice of Right to Sue.

### Jurisdiction and Venue

13. This action arises under Title I of the Americans With Disabilities Act of 1990 (42 U.S.C. § 12111 et. seq.) ("ADA").

14. This Court has subject matter jurisdiction over plaintiff's claims in this action pursuant to Title 28, U.S.C. § 1331. Plaintiff and each of the defendants reside, are found, transact business, have agents, and are within the jurisdiction of this Court for the purpose of service of process. Venue is proper in this district as to each defendant pursuant to 28 U.S.C. § 1391.

### Statement of Facts

15. Defendant Monticello hired Angela Rivera on or about February 21, 2006.

16. Mrs. Rivera was hired as an Accountant. Her immediate supervisor was Jim Krasinski, a Senior Accountant. Mr. Mark Marasco, Vice President of Finance, was responsible for hiring Mrs. Rivera.

17. Defendant Monticello is vicariously responsible for the actions of all its employees, representatives and agents including Mr. Krasinski and Mr. Marasco.

18. During the course of her employment and specifically during April and May of 2006, Mrs. Rivera started experiencing severe back pain which ultimately required spinal surgery on May 22, 2006 and required prescription pain medication and medical treatment to cope with the debilitating pain.

19. At all times mentioned herein, Mrs. Rivera completed her work assignments in a satisfactory manner and received positive feedback concerning her work performance.

20. During April and May of 2006 the back pain was so bad that Mrs. Rivera

was unable to sleep more than thirty minutes per night, was unable to do lifting, experienced difficulty walking, and was unable to sit or stand for long periods.  Mrs. Rivera informed Mark Marasco of the severe back pain she was dealing with and that she needed medical treatment and to schedule doctor appointments to cope with the pain.

21. Mrs. Rivera also spoke with Jim Krasinski, a supervisor, concerning the severe back pain and the need for medical treatment.

22. Mr. Krasinski responded that she was to sit at her desk, do her work and forget about the pain.

23. On April 10, 2006 Mrs. Rivera treated at Urgent Care in Rock Hill, NY where was given a shot of Toridol, a pain reliever.  On April 13, 2006 the pain was so severe that Mrs. Rivera went to the emergency room at Horton Medical Center where she was administered morphine and IV antibiotics and received a prescription of Vicoden.

24. On Tuesday, April 18, 2006, Mrs. Rivera was referred for an MRI for April 24, 2006.

25. Due to severe pain, Mrs. Rivera was unable to work on Monday, April 17, 2006 and Tuesday, April 18, 2006.

26. On approximately April 26, 2006 Mrs. Rivera provided Mr. Krasinki a copy of her MRI report which showed a herniated disc at L4-5 which would require lower back spinal surgery.  Mrs. Rivera also informed Mr. Marasco of the MRI results and asked if he would like a copy to which he declined.

27. Later than day, at a meeting in Mr. Marasco's office with Mr. Krasinski,

Mr. Marasco and Terry Busardo, from Human Resources, Mrs. Rivera was informed that she had been demoted to a lesser position which consisted of Revenue Verification Bookkeeping. Mrs. Rivera was further told that she was to assume this position on Monday, May 1, 2006.

28. Respondent also reduced Mrs. Rivera's pay from $12.98 per hour to approximately $12.00.

29. On Monday, May 1, 2006, Mrs. Rivera reported to her new position as a Revenue Verification Bookkeeper. Her new supervisor was Joyce Shafer. Mrs. Rivera informed Mrs. Shafer of her ongoing back problems and of a May 10, 2006 doctor appointment.

30. On May 10, 2006 Mrs. Rivera had a doctor's appointment with her neurosurgeon, Dr. David Segal. Dr. Segal scheduled Angela for emergency surgery on May 18, 2006. Angela then personally delivered a doctor's note by Dr. Segal to her supervisor, Joyce Shafer, informing her of the need for emergency surgery on May 18, 2006.

31. Mrs. Shafer instructed Angela not to undergo the surgery for at least a week because it was inconvenient for her. Angela then changed the surgery date until May 22, 2006.

32. However, Monticello Raceway Management terminated Angela on May 12, 2006. She was told that she was being terminated because she was slow at picking up reports. The stated reason for Mrs. Rivera's termination is pretextual and is completely inconsistent with her feedback and with actual work performance.

33. At all times mentioned herein, defendant Monticello and its employees perceived Mrs. Rivera as having a disabling back condition and perceived Mrs. Rivera as having a substantial limitation of a major life activity.

34. At all times mentioned herein, defendant Monticello perceived Mrs.

Rivera as having a substantial limitation in her ability to complete the functions of her job due to her reports of debilitating back pain and reporting of her medical treatment to her superiors.

35. The true reason Mrs. Rivera was demoted and then terminated was because of an unforeseen debilitating back problem which significantly interfered with her ability to work sit or stand and which necessitated pain medication and multiple healthcare appointments.

36. When Mrs. Rivera requested a reasonable accommodation in the form of time off to get treatment and surgery, Monticello Raceway Management retaliated against her, demoted her, and fired her.

37. On May 22, 2006, Mrs. Rivera underwent surgery to correct lumbar spinal stenosis. Specifically, her neurosurgeon, Dr. David Segal, performed a laminectomy of the 4th lumbar vertebrae, laminectomy of the 5th lumbar vertebrae, a medical facectomy at L4-5, a right L5 foraminotomy at Orange Regional Medical Center, Horton Campus.

38. With a reasonable accommodation in the form of time off to treat and heal, Mrs. Rivera would have been able to perform the essential functions of her job as an Accountant.

### FIRST CAUSE OF ACTION
### (Discrimination Under ADA)

39. Plaintiff repeats and realleges with the same force and effect, as if fully set forth herein at length, each and every allegation alleged above in paragraphs 1 through 38 of this Complaint.

40. Angela Rivera is a "qualified individual with a disability" as that term is defined in Section 101(a) (42 U.S.C. § 12111(a)).

41. At all times mentioned herein, defendant Monticello perceived Mrs.

Rivera as suffering from a disability and a substantial limitation in the major life activity of working.

42. Angela Rivera lawfully requested, both through her doctor and through personal requests, time off to receive medical treatment and to undergo surgery.

43. Defendant, Monticello, through its employees, agents, and supervisors at all times denied Mrs. Rivera's request for a reasonable accommodation in the form of reasonable time off and light duty to enable her to continue working at Monticello.

44. Defendant Monticello has discriminated against Angela Rivera by refusing to provide a reasonable accommodation to the perceived and to the known physical limitations of Mrs. Rivera and by refusing and denying her requests for a reasonable accommodation.

45. Defendant has unlawfully discriminated against Angela Rivera and refused to provide her with a reasonable accommodation.

46. With a reasonable accommodation, Angela Rivera could still have performed the essential functions of her job.

47. As a result of her injuries, Angela Rivera's ability to walk, sit and work for significant and extended periods was permanently substantially limited and she was a qualified individual with a disability as that term is defined under the ADA.

48. Defendant Monticello intentionally discriminated against Angela Rivera by refusing to provide her with a requested accommodation and Mrs. Rivera has been caused to suffer damages in a sum to be determined by a jury and Mrs. Rivera is entitled to back pay, front pay, attorney's fees, and an award of compensatory damages for emotional pain and suffering under the ADA.

## SECOND CAUSE OF ACTION
**(Discriminatory Discharge Under the ADA)**

49. Plaintiff repeats and realleges with the same force and effect, as if fully set forth herein at length, each and every allegation alleged above in paragraphs 1 through 48 of this Complaint.

50. Plaintiff Angela Rivera lawfully and reasonably requested a reasonable accommodation to permit her to continue work at Monticello after incurring debilitating lower back pain.

51. Monticello responded to her requests for accommodation by demoting her and eventually terminating her employment.

52. At all times mentioned, Angela Rivera was within her rights guaranteed under the ADA to request a reasonable accommodation and Mrs. Rivera was entitled to be free from the discriminatory work policies of Monticello as described herein.

53. Defendant Monticello unlawfully terminated Mrs. Rivera in violation of the ADA.

## THIRD CAUSE OF ACTION
**(Unlawful Retaliation and Violation of the ADA)**

54. Plaintiff repeats and realleges with the same force and effect, as if fully set forth herein at length, each and every allegation alleged above in paragraphs 1 through 53 of this Complaint.

55. Plaintiff Angela Rivera lawfully and reasonably requested a reasonable accommodation to permit her to continue work at Monticello after incurring significant debilitating lower back pain.

56. In response to her complaints and in retaliation for requesting time off and

light duty, defendant Monticello unlawfully terminated plaintiff's employment.

57. At all times mentioned herein, plaintiff Angela Rivera was within her rights to request a reasonable accommodation from the discriminatory work policies of Monticello as described herein.

58. Requesting a reasonable accommodation and time off to attend to medical treatment under the ADA is protected activity.

59. As a result of making requests for reasonable accommodation and informing her employer of her condition, defendant Monticello took adverse employment action against plaintiff including, but not limited to, demoting and terminating Mrs. Rivera's employment.

60. Defendant Monticello terminated Mrs. Rivera to prevent her from asserting her rights under the ADA and to avoid compliance of its obligations under the ADA to accommodate an individual who it perceived had a disability.

61. Defendant Monticello engaged in retaliatory conduct in violation of the ADA and Mrs. Rivera is entitled to recover back pay, front pay, attorney's fees, and an award of compensatory damages for emotional pain and suffering under the ADA.

### FOURTH CAUSE OF ACTION
### (Discrimination, Discharge and Retaliation of the New York State Human Rights Law)

62. Plaintiff repeats and realleges with the same force and effect, as if fully set forth herein at length, each and every allegation alleged above in paragraphs 1 through 61 of this Complaint.

63. Defendant retaliated, discharged and discriminated against plaintiff as

described herein all in violation of the New York State Human Rights Law, New York State Executive Law § 296 et seq., and plaintiff is entitled to recover front pay, back pay, compensatory damages, punitive damages, attorney's fees and costs.

WHEREFORE, plaintiff Angela Rivera demands judgment against defendant as follows:

(a) On the first cause of action in an amount to be determined by a jury;

(b) On the second cause of action in an amount to be determined by a jury;

(c) On the third cause of action in an amount to be determined by a jury;

(d) On the fourth cause of action in an amount to be determined by a jury;

(e) Declaring that defendant Monticello's conduct violated plaintiff's rights to be free from discrimination under the ADA;

(f) Punitive damages in an amount to be determined by jury;

(g) Front pay, back pay, and compensatory damages for emotional pain and suffering;

(h) Awarding plaintiff costs, disbursements and attorney's fees as authorized by the ADA; and

(i) For such other and further relief as plaintiff is entitled to under applicable law under the circumstances.

Dated: Goshen, New York
May 8, 2007

FOULKE LAW OFFICES

By: /s/
Evan M. Foulke, Esq.
Attorney for Plaintiff
1997 Route 17M
P.O. Box 239
Goshen, New York  10924
(845) 294-4308

TO: Jackson, Lewis, LLP
Attorneys for Defendants
One North Broadway
White Plains, NY  10601

10